García, Demandante y Apelante, *v.* García, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre servidumbre de luces y vistas.

No. 1441.—Resuelto en abril 12, 1917.

Servidumbre de Luces y Vistas—Vía Pública—Callejón de Servicio Privado.—No está incluído dentro del término "vía pública" a que se refiere el artículo 591 del Código Civil, en relación con el 589 del mismo código, un callejón abierto por el propietario de un solar, dentro de éste, para conveniencia de los vecinos que viven en un ranchón interior perteneciente al mismo propietario.

Id.—Puertas y Ventanas en Pared Propia—Actos de Mera Tolerancia—Acto Obstativo—Prescripción.—Las puertas y ventanas abiertas en pared propia que comuniquen con suelo y cielo ajenos, deben considerarse como de mera tolerancia salvo pacto en contrario, y no pueden ganarse por prescripción sino computando ésta desde la ejecución de algún acto obstativo, consentido por el dueño de la finca, que tienda a privar a éste de la facultad de edificar en ella.

Id.—Carreras—Techos—Definición de.—Se denominan *carreras* los maderos u otros materiales horizontales que se ponen sobre las zapatas de los pies derechos, o sea lo que vulgarmente se llama vigas, destinadas a servir de enlace y sostén principal a los distintos cruzamientos que separan los pisos de los edificios. Y entiéndese por techo no sólo el último expuesto a la acción directa de los elementos, si que también la parte interior que recubre las habitaciones, existiendo en tal virtud varios techos en los edificios que tienen varios pisos y por consiguiente tantas *carreras* como *techos.*

Id.—Ventanas con Vistas Rectas—Huecos—Derecho del Dueño de la Propiedad Contigua—Tiempo para Ejercitarlo.—Si la ley ha prescrito que sólo pueden abrirse ventanas con vistas rectas a dos metros de distancia de la colindancia con la propiedad ajena y que en pared propia contigua a finca ajena sólo pueden abrirse huecos de treinta centímetros en cuadro a la altura de las carreras, implícitamente ha reconocido también al dueño de la propiedad ajena el derecho de exigir ante los tribunales de justicia el cumplimiento de tales prescripciones. Y si la jurisprudencia ha establecido que el simple hecho de abrir puertas y ventanas en contravención a las reglas fijadas por la ley, no crea derecho alguno a favor del dueño del edificio en que se abran y que la no oposición del dueño de la finca ajena debe considerarse como un acto de mera tolerancia, es natural que el dicho dueño tenga expedita su acción en cualquier tiempo que desee ejercitarla.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *Ramón Falcón* y *Adrián Agosto.*

Abogado del apelado: Sr. *Manuel Benítez Flores.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un caso sobre servidumbre de luces y vistas. Alegó el demandante que era dueño de un solar situado en el pueblo de Río Piedras, de 17 metros 26 centímetros de frente por 66 metros 45 centímetros de fondo, en el cual tenía edificada una casa de dos plantas y un ranchón; que todo el solar estaba cercado y que a su izquierda, entrando, existía un callejón para el servicio de un establecimiento mercantil installado en la planta baja de la casa, y de los vecinos que habitaban el ranchón, y que lindando con ese callejón existía una casa adquirida recientemente por el demandado que éste estaba edificando de mampostería, abriendo en la pared puertas y ventanas sin guardar las distancias que prescribe la ley. El demandante pidió a la corte que en definitiva dictara sentencia condenando al demandado a tapiar las puertas y ventanas abiertas en la pared indicada o sea en la de la casa del demandado que se levanta en la misma línea divisoria de los solares del demandante y del demandado

El demandado alegó que la demanda no aducía hechos suficientes para determinar una causa de acción. La corte desestimó su excepción y el demandado contestó entonces la demanda alegando que la casa propiedad del demandado existía en el mismo sitio desde hacían más de treinta años, con los mismos huecos y ventanas que tenía en la actualidad, "consistiendo la única reforma hecha por el demandado en haber sustituído las paredes de madera por concreto, dejando subsistentes los mismos estantes y la misma armazón de madera que tenía la casa cuando la adquirió el demandado"; que entre la casa del demandante y la del demandado existe un callejón que es una calle pública que forma parte de la población de Río Piedras y pertenece al municipio de dicha población; que la casa del demandante fué construída con posterioridad a la del demandado, y que la acción que ejercita el demandante está prescrita por hacer más de treinta años que la casa del demandado está construída en el mismo sitio con los mismos

huecos y ventanas que tiene en la actualidad. El demandado pidió que se declarara sin lugar la demanda, con las costas, gastos y honorarios de abogado al demandante.

Trabada así la contienda, se celebró la vista practicándose la amplia prueba ofrecida por las partes. La corte declaró probados los siguientes hechos:

"Que el demandante y el demandado son dueños de dos fincas contiguas, sitas en la calle del Comercio del pueblo de Río Piedras, P. R., dando ambas frente a la carretera.

"Que sobre el solar del demandado se halla construída una casa desde hace más de 28 años con las mismas colindancias y las mismas cabidas que tiene en la actualidad, consistiendo las reformas hechas por el demandado en haber sustituído las paredes de madera por concreto, dejando subsistentes los mismos estantes y la misma armazón y el mismo techo que antiguamente tenía. Según la prueba del demandante esta casa, que en la actualidad tiene once ventanas, sólo tenía seis antes de haber sido reformada, y según el demandado las ventanas abiertas hoy son las mismas que existían con anterioridad.

"Que el demandante tiene construída sobre su solar una casa de mampostería o cemento, de altos y bajos, y con ventanas y puertas para el lado de la finca del demandado, que colinda con la del demandante, existiendo entre la casa de éste, y la pared de la casa del Sr. García Salgado, un callejón propiedad del primero, de más de tres metros de anchura, abierto al público sin exclusión de personas y el cual da entrada a la casa del Sr. García Fernández y a una casa de vecindad, donde viven más de tres familias, que tiene edificada en el fondo de la misma finca."

Basándose en esos hechos y además en la inspección ocular llevada a efecto, que demostró, a juicio de la corte, que las ventanas abiertas en la finca del demandado en nada molestaban a las personas que habitan la finca del demandante, se declaró sin lugar la demanda, con las costas al demandante, y éste interpuso entonces el presente recurso de apelación.

Examinada la opinión emitida por la corte de distrito para fundamentar su sentencia, se deduce que el motivo principal, tal vez único, que tuvo para desestimar la demanda, fué la

aplicación del artículo 591 del Código Civil Revisado, que, copiado a la letra, dice así:

"Lo dispuesto en el artículo 589 de esta sección no es aplicable a los edificios separados por una vía pública."

El artículo 589 a que se refiere el 591, es como sigue:

"No se puede abrir ventanas con vistas rectas, ni balcones u otros voladizos semejantes, sobre la finca del vecino, si no hay dos metros de distancia entre la pared en que se construyan y dicha propiedad."

El razonamiento de la corte sentenciadora, es éste:

"Ya hemos dicho que el callejón que media entre las casas de ambos litigantes, ha sido abierto al público por su propietario el Sr. García Fernández, sin exclusión de persona, según ha quedado demostrado por la prueba practicada. ¿Puede considerarse el callejón que existe entrambas fincas como una vía pública? El mismo demandante dice en sus alegaciones que el callejón de referencia está abierto al servicio de un establecimiento y de los inquilinos de un ranchón fabricado en el fondo. Este establecimiento, es un establecimiento mercantil del propio demandante. Comentando Manresa el artículo 584 del Código Civil español equivalente al 591 del Código Civil Revisado, dice que todo lo relativo a la excepción de este artículo tiene que armonizarse con lo que dispongan las ordenanzas municipales. Según ordenanza municipal aprobada por el Municipio de Río Piedras, en junio de 1908, el dueño de terrenos que fabrique, está en la obligación de afirmar la calle, hacerle cunetas y entregarla al ayuntamiento, etc. El demandante, según pudo ver la corte en su inspección ocular, cumplió con los requisitos exigidos en esta ordenanza, afirmando el callejón, abriéndole cunetas, y dedicándolo al tránsito público. Glosando el artículo 584 del Código Civil español, ya citado, dice el ilustre comentarista Scaevola:

" 'Pocos esfuerzos precisa la inteligencia y el alcance del artículo 584 por lo claro de sus términos. La vía pública es de todos y de ninguno en particular. Nadie creerá establecido en ella el domicilio privado de cada ciudadano, que es lo que trata de garantir la ley frente al derecho restringido de vistas; lo que se hace en la vía pública bien puede ser observado e inspeccionado por el que guste y desde el punto que le acomode. La citada frase, para los efectos y comprensión del referido precepto debe conservar toda la elasticidad posible en su significación, partiendo siempre de la

intención, bien conocida del legislador, al exceptuar la vía pública
de los terrenos o predios sobre los que hay derecho a vistas ilimi-
tadas.    Y en este sentido denominaremos "vía pública" tanto a
los caminos, calles, travesías, callejones, como a los canales, ríos,
torrentes, puertos, y puentes construídos por el Estado, la provin-
cia o el municipio; las riberas, playas, fuentes y aguas públi-
cas, paseos, obras públicas de servicio general, y, en una palabra,
todos aquellos bienes (entendido este vocablo jurídicamente) que
(NO IMPORTE DE QUIÉN SEA LA PROPIEDAD) son disfrutados en co-
mún por los vecinos de un pueblo, sin exclusión de ninguno y que
vulgarmente llamamos "servicios del público."    En efecto: los bie-
nes que como ejemplo enumeramos, están considerados por los ar-
tículos 339 y 344 de nuestro Código Civil de dominio y uso público.'

"Como se ve, el sabio comentarista, considera como vía pública,
todos aquellos sitios disfrutados en común por los vecinos de un
pueblo, sin parar mientes en la persona que pueda tener el domi-
nio o derecho de propiedad sobre los referidos sitios.    El callejón
del demandante cae de lleno dentro del comentario del jurisconsulto
español.    Abierto al público, sin exclusión de personas y utilizado
en común por los vecinos, debe considerarse como una vía pública
para los efectos del artículo 591 del Código Civil Revisado.

"Pero hay más, el Reglamento de Sanidad No. 2 sobre casas de
vecindad, su reglamento, etc., que aparece en el Boletín Adminis-
trativo No. 44, y que fué promulgado por el Gobernador de Puerto
Rico de acuerdo con la ley de 13 de julio de 1912, establece lo siguiente:

" 'REGLAMENTO SOBRE CASAS DE VECINDAD.

" 'Art. 1º.—Se considera por casa de vecindad cualquier edificio
o parte de éste destinado a vivienda de tres o más familias que habi-
ten en locales separados unos de otros y con derecho a uso común
de una o varias dependencias de dicho edificio y de ciertos servicios
del mismo y que cocinen por separado en la misma casa.

" 'Art. 3º.—Todo edificio que se construya de ahora en adelante
destinado a casa de vecindad, debe dar su fachada principal a una
calle o VÍA PÚBLICA, etc.

" 'Art. 10º.—Cuando se desee convertir en casa de vecindad cual-
quier edificio destinado actualmente a otros usos, su construcción
o reforma será sujeta a las reglas establecidas para las casas de ve-
cindad de nueva construcción.'

"De manera que si el demandante construyó tal ranchón o casa
de vecindad dejando abierto el callejón al tránsito público o usando

las palabras de sus mismas alegaciones, para el servicio de un establecimiento de la planta baja y para los inquilinos del referido ranchón o casa de vivienda, cumplió con las ordenanzas municipales y con los requisitos que exigen los reglamentos sanitarios en cuanto a este particular, y cumplidos estos requisitos no es necesario analizar más el punto debatido para llegar a la conclusión de que dicho callejón es y debe ser considerado como una vía pública para los efectos del artículo 591, porque así mismo ha sido admitido y reconocido por el propio demandante al establecer una casa de vecindad."

Después de un cuidadoso estudio de los hechos y la ley, no podemos convenir con la ilustrada corte sentenciadora en que el callejón de referencia sea una vía pública.

No obstante haberse demostrado que dicho callejón se usa por las personas que tienen relaciones comerciales con el establecimiento mercantil que existe en la planta baja de la casa del demandante y por los vecinos que viven en el ranchón y sus relacionados, y que seguramente en la actualidad, de hecho, a nadie se obstaculiza el paso por el mismo, es lo cierto que continúa siendo una propiedad privada del demandante, no habiendo jamás llegado a convertirse en una vía pública de la naturaleza de las que tuvo en mente el legislador al establecer la excepción contenida en el artículo 591.

"La vía pública es de todos y de ninguno en particular," dice el mismo comentarista citado por la corte de distrito, y en este caso la propia corte reconoce en sus hechos probados que el callejón es de la propiedad particular del demandante. Y si bien dicho comentarista al especificar las distintas vías públicas, cita los callejones, se ve que su pensamiento estaba fijo en los callejones de "servicio público," como lo son las callejuelas estrechas de las antiguas ciudades españolas, según puede comprobarse en esta misma ciudad de San Juan de Puerto Rico, y no en los callejones que puedan abrir los propietarios de solares cercados para conveniencia de los vecinos que viven en ranchones edificados por los mismos propietarios, callejones de "servicio privado," que pueden alterarse o clausurarse a voluntad del dueño en cualquier época.

El alcance de la opinión de Scaevola, está limitado por su último período que dice: "En efecto: los bienes que como ejemplo enumeramos, están considerados por los artículos 339 y 344 de nuestro Código Civil de dominio y uso públicos." Dichos artículos equivalen a los 327 y 328 del Código Civil Revisado que disponen que son bienes de dominio público, los destinados al uso público, como los caminos, canales, ríos, torrentes, y otros análogos, y bienes del uso público en Puerto Rico y en sus pueblos los caminos insulares y los vecinales, las plazas, calles, fuentes y aguas públicas, los paseos y las obras de servicio general, costeadas por los mismos pueblos o con fondos del Tesoro de Puerto Rico.

La misma ordenanza del municipio de Río Piedras citada por la corte sentenciadora, puede invocarse para sostener la conclusión de que el callejón del demandante no es una vía pública. El artículo 3 de dicha ordenanza dice así:

"Artículo 3.—En ningún solar se permitirá construir más de una casa y las dependencias de ésta. Esta casa debe dar frente a una calle o vía pública sea cualquiera la distancia a que se sitúe dentro del solar, se entenderá por dependencia de la casa a los efectos de este artículo las habitaciones del servicio, cocina, lavadero, cochera, cuadra y almacén de útiles. Cuando el solar fuese suficientemente grande para admitir otras construcciones independientes se podrá utilizar la construcción previo informe favorable del inspector de sanidad y de un ingeniero del municipio, quienes tendrán en cuenta al informar, el ornato, la salubridad, y seguridad pública y que haya fácil acceso desde la calle o vía pública hacia las construcciones."

El demandante adquirió su finca en el año de 1909. La ordenanza comenzó a regir en 1 de junio de 1908. El ranchón se fabricó por el demandante después de adquirida la finca y, por lo tanto, estando ya en vigor la ordenanza. El solar del demandante tiene más de diez y siete metros de frente por más de sesenta y seis de fondo, y la casa de dos plantas que en él se levanta con frente a la calle, sólo ocupa una superficie de diez metros de frente por diez y ocho de fondo.

Quedaba, pues, una gran superficie desocupada y en parte de ella se fabricó el ranchón.

Siendo esto así ¿no debe presumirse que se cumplió con la ley local vigente, y que el callejón establecido por el demandante dentro de su propia tierra se construyó simplemente para dar el fácil acceso requerido por la ordenanza *desde la calle o vía pública* a la construcción interior?

Con respecto al reglamento de sanidad No. 2, sobre casas de vecindad, invocado por la corte de distrito, cualquiera que sea su alcance, sólo diremos a los efectos de este pleito que empezó a regir el 13 de julio de 1912 y que aunque no consta de los autos la fecha exacta en que se fabricó el ranchón por el demandante, todo induce a creer que lo fué con anterioridad al 13 de julio de 1912. Este es un pleito antiguo. La demanda lleva fecha 29 de noviembre de 1913. No consta que el reglamento de que se trata fuera discutido por las partes en relación con este pleito mientras se celebraba el juicio.

No estando, pues, comprendido este caso dentro de la excepción contenida en el artículo 591 del Código Civil Revisado, debemos estudiarlo y resolverlo a la luz de lo dispuesto en el 589 del propio cuerpo legal.

Dicho artículo está íntimamente enlazado con los artículos 587 y 588. Todos forman parte de la sección quinta del capítulo segundo, del título séptimo del Código Civil Revisado. El título trata en general de las servidumbres y la sección de las servidumbres de luces y vistas. Los artículos 587, 588 y 589 son esencialmente iguales a los artículos 580, 581 y 582 del antiguo Código Civil vigente en España, y en Puerto Rico hasta 1902.

El artículo 587 se refiere al caso de paredes medianeras y prescribe que ningún medianero puede, sin consentimiento del otro, abrir en pared medianera ventana, ni hueco alguno. El 588 trata de paredes no medianeras contiguas a finca ajena, y establece que el dueño de tales paredes puede abrir en ellas ventanas y huecos para recibir luces a la altura de las carre-

ras, o inmediatos a los techos, y de las dimensiones de treinta centímetros en cuadro, y en todo caso, con reja de hierro remetida en la pared y con red de alambre. Y establece además que no obstante la autorización concedida al dueño de la pared, el dueño de la finca o propiedad a ella contigua, podrá cerrar los huecos si adquiere la medianería, si no se hubiere pactado lo contrario, y podrá también cubrirlos edificando en su terreno o levantando pared contigua a la que tenga dicho hueco o ventana. Y el 589, por último, habla de las ventanas, y balcones y ordena que sólo cuando haya dos metros de distancia entre la pared y la finca del vecino, se podrán abrir ventanas con vistas rectas o balcones y otros voladizos semejantes, fijando para el caso de vistas de costado u oblicuas sesenta centímetros en vez de dos metros. Se denominan *carreras* los maderos u otros materiales horizontales que se ponen sobre las zapatas de los pies derechos, o sea lo que vulgarmente se llama vigas, destinadas a servir de enlace y sostén principal a los distintos cruzamientos de maderas, hierro o cemento armado, o cualquier otro material apropiado, que separan los pisos de los edificios. Véase 10 Scaevola 448. Y entiéndese por techo no sólo el último expuesto a la acción directa de los elementos, si que también la parte interior que recubre las habitaciones, existiendo en tal virtud varios techos en los edificios que tienen varios pisos y por consiguiente tantas *carreras* como *techos*. Véase *Choco* contra *Santamaría,* 21 Jurisprudencia Filipina 135, 141.

La pared de la casa del demandado no es medianera. No es aplicable, por tanto, el artículo 587. Dicha pared se encuentra edificada en la misma línea de la colindancia del solar del demandado con el solar del demandante. Sobre esto no hay cuestión. De acuerdo con el artículo 588, el demandado tendría derecho a recibir luces por ventanas o huecos abiertos a la altura de las carreras, sujeto desde luego ese derecho al del demandante de cubrir dichos huecos o ventanas edificando en su terreno o levantando pared contigua a la del demandado. Pero éste tampoco es el caso. No se trata

de huecos o ventanas de treinta centímetros en cuadro, abiertos a la altura de las carreras.   El demandado ha hecho más: tiene abiertas en una pared contigua puertas y ventanas con vistas rectas que sólo tendría derecho a abrir de acuerdo con la ley—artículo 589 citado—si la pared de su casa estuviera edificada a dos metros de la colindancia de su solar con el solar del demandante.

Así lo reconoce él mismo demandado; pero alegó, como hemos visto, que en su caso concurren circunstancias especiales, a saber: la excepción de la vía pública y la prescripción.

Emitida ya nuestra opinión en lo que se refiera a si las puertas y ventanas de la casa del demandado dan o no a una vía pública, sólo nos resta considerar si el demandado ha adquirido o no algún derecho por prescripción, o si por algún motivo el demandante está impedido de ejercitar el claro derecho que le concede la ley.

En cuanto a si la casa del demandado fué meramente recompuesta como él sostiene, o si fué reedificada como alega el demandante, aceptaremos la conclusión más favorable al demandado y consideraremos la casa actual como si fuera la misma de madera antigua que adquirió por compra hace algunos años el demandado.

Por el hecho de abrirse puertas y ventanas en pared no medianera contigua a otra finca, ¿puede adquirirse la servidumbre de luces y vistas sobre dicha finca, a virtud del transcurso del tiempo?

Desde 1877 dijo el Tribunal Supremo de España que ‘‘según la ley 15, título 31, partida 3ª., el uso no da derecho a mantener en paredes propias huecos laterales o ventanas, con perjuicio del vecino que, disponiendo de su suelo y cielo, puede construir libremente en contigüidad, o dar mayor elevación a construcciones existentes, a no ser que se le hubiera *contrallado el alzamiento por que no se alleve la lumbre,* consintiendo este acto obstativo, y transcurriendo después el tiempo fijado por la misma ley.’’   Sentencia de 13 de junio de 1877, 37 Jurisprudencia Civil, 188.

El mismo tribunal decidió en 1882 que "los huecos abiertos en pared propia y en correspondencia con suelo y cielo ajenos, son de mera tolerancia, salvo pacto o concesión expresa, y no pueden ganarse por prescripción, sino computando éstas desde la ejecución de algún acto obstativo, en razón a que cuando alguno se aprovecha de esas luces aspira a constituir una servidumbre negativa para que el dueño de la finca a que afectan no pueda construir en contigüidad, ni por consiguiente perjudicarlo; siendo por otra parte una verdad de todos sabida que no están autorizadas otras ventanas que las llamadas de òrdenanza, y éstas solamente mientras el vecino no crea conveniente edificar e impedirlas según tiene derecho a realizarlo." Sentencia de 13 de mayo de 1882. 49 Jurisprudencia Civil, 172.

Hemos citado dos sentencias anteriores al Código Civil, para demostrar que los principios que regían esta materia eran esencialmente los mismos que informan dicho código. Y si bien es cierto que fué el Código Civil el que fijó la distancia de dos metros para las vistas rectas, también lo es que jamás existió derecho alguno a tener dichas vistas por medio de puertas o ventanas abiertas en pared propia contigua a finca ajena. Y ese es el caso del demandado. Ni por la legislación antigua, ni por el Código Civil, pudieron el demandado, o su antecesor, abrir como lo hicieron en la pared de que se trata las puertas y ventanas que en la misma existen. Su actuación fué contraria a la ley y no puede el demandado invocar el transcurso de los años para la adquisición de su alegado derecho a continuar teniendo abiertas las repetidas puertas y ventanas contra la voluntad del propietario del solar contiguo, a menos que hubiera demostrado la existencia del "acto obstativo" a que se refiere la jurisprudencia y a partir de él el transcurso del tiempo necesario para prescribir.

Comprendiéndolo así, presentó el demandado en el acto de la vista las declaraciones de Enrique Acosta, Eloy García Plá y Ramón II. Patrón, quienes manifestaron, en resumen, que cuando unos veintiocho o treinta años atrás, se fabricó

la casa que hoy corresponde al demandado, era dueño del solar del demandante el Padre Padilla quien les manifestó su inconformidad con que se abrieran las puertas y ventanas de referencia y quien estuvo quejándose en el Ayuntamiento de Río Piedras y enterándose con respecto a las reglas aplicables al caso.  Uno de esos testigos insinuó la existencia de un litigio, pero después dijo que no aseguraba que hubiera habido tal pleito.

Aun admitiendo como ciertas tales manifestaciones, no se habría demostrado a nuestro juicio la existencia del acto obstativo de que habla la jurisprudencia.  El Padre Padilla pudo molestarse, pudo inquirir, pudo expresar sus deseos de oponerse, pero pudo pensar después en las molestias y gastos de un pleito y pudo ser informado de que la mera tolerancia por su parte de las puertas y ventanas de que se trata, no podría ser fuente de derecho para el propietario de la pared en que se abrieron, y desistir de entablar acción alguna por aquel entonces.  No hay prueba de que el antecesor del demandado controvirtiera el derecho del antecesor del demandante y lo venciera en la controversia de algún modo.

Veamos ahora, por último, si el demandante está impedido de ejercitar su acción en este caso.

No se concibe derecho sin acción dice Manresa tratando precisamente de las acciones que pueden surgir con motivo de los preceptos del Código Civil en materia de servidumbres. Véase el tomo 4 de sus comentarios, pág. 632.  Y en verdad que si la ley ha prescrito que sólo pueden abrirse ventanas con vistas rectas a dos metros de distancia de la colindancia con la propiedad contigua y que en pared propia contigua a finca ajena sólo pueden abrirse huecos de treinta centímetros en cuadro a la altura de las carreras, implícitamente ha reconocido también al dueño de la propiedad contigua el derecho de exigir ante los tribunales de justicia el cumplimiento de tales prescripciones.

¿Cuánto tiempo dura ese derecho?  En sus comentarios al artículo 582 del Código Civil antiguo, igual al 589 del Código

Civil Revisado, tomo 10, pág. 493, cita Scaevola, como precedente el Libro IV, Tít. IV, ley 8ª. del Fuero Viejo de Castilla, que dice, en lo pertinente, así: "Si un ome a una casa, e quier facer finiestras en la pared de la casa, e a cabo de aquellas casas ay otras casas, e corrales tras las casas, a delante (puede) facer tamaña finiestra, que non saque la cabeza por ella. E si ouier fecha de ante gran finiestra, e veyendolo el otro estovier año e día probandol' ansi como es fuero, puede la finiestra tener fasta quel otro alce sua pared."

Si esa ley estuviera en todo su vigor, tendría que reconocerse que una vez transcurrido el año y el día a que la misma se refiere, sólo quedaba al propietario de la finca contigua a la pared en que se había abierto la ventana el derecho de cerrarla alzando su propia pared, y por tanto que su acción para pedir la reducción de las ventanas a sus justos límites, sólo duraba un año y un día.

Pero la ley del Fuero viejo de Castilla que con más propiedad debería denominarse *Fuero de los Fijos-dalgo*, según dice Antequera en su Historia de la Legislación española, tercera edición, pág. 170, fué derogada por la Ley XIV, Tít. XXXI, Part. III, de las Siete Partidas. El Tribunal Supremo de España en sentencia de 13 de octubre de 1866, 14 Jurisprudencia Civil 453, a este respecto, resolvió lo que sigue: "Y considerando, por lo referente, al último sobre las ventas que se abrieron en la pared medianera, que la disposición de la ley 8ª., tít. 4°., libro 4°., del Fuero viejo de Castilla, que se cita como infringida, se halla también derogada por otras leyes posteriores que sólo permiten se constituyan las servidumbres por contrato, por prescripción o última voluntad."

La sentencia del Tribunal Supremo citada confirmó otra de la Audiencia de Coruña por virtud de la cual se condenó al dueño de cierta casa a retirar la pared divisoria y reducir al reedificar nuevamente la referida pared las luces que en ella había abierto a las dimensiones de ordenanza. Y el motivo por virtud del cual el propietario de la pared alegó la ley del Fuero viejo de Castilla, fué el de que la pared con las

ocho ventanas que en la misma existían, se había edificado desde hacía cinco años, sin que nada se reclamara sobre el particular, "por lo cual debían continuar abiertas las ventanas mientras los dueños de ella (la casa contigua) no la alzasen, en cuyo caso desaparecerían, sin que el demandado pudiera ni siquiera oponerse a ello."

La existencia de los antiguos interdictos y el hecho de que el antecesor del demandante no recurriera al de *obra nueva* para hacer valer sus derechos dentro del plazo fijado por la ley, ¿pueden influir en la decisión de este caso? En modo alguno. Los *interdictos,* como dice Manresa, "son unos juicios sumarísimos, que tienen por objeto decidir interinamente sobre la actual y momentánea posesión, o sea sobre el *hecho* de la posesión, sin perjuicio del derecho de los interesados, y también suspender o evitar un hecho que nos perjudica o puede causar daño," y como sostiene Gómez de la Serna, citado por Manresa, "las sentencias que en estos juicios se pronuncian, aunque definitivas, tienen un carácter especial, porque si bien condenan o absuelven de la demanda intentada, y no puede, por lo tanto, reproducirse la cuestión bajo el mismo aspecto, no impiden que se vuelva a tratar del mismo negocio en más amplio juicio, con más solemnes formas, con declaraciones que llevan, no el carácter interino y provisional del interdicto, sino estabilidad, permanencia, perpetuidad en los derechos que en el juicio se ventilen." Véase 6, Manresa, Enjuiciamiento Civil, 107.

El que el ejercicio de la acción para hacer valer los derechos derivados de los preceptos del Código Civil que tantas veces hemos citado y de las leyes similares que antes de ellos estuvieron en vigor, sea ilimitado, es consecuencia natural y lógica de la doctrina repetidamente sentada por el Tribunal Supremo de España de que los huecos abiertos en pared propia que comuniquen con suelo y cielo ajenos deben considerarse como de mera tolerancia, salvo pacto en contrario, y no pueden ganarse por prescripción sino computando ésta desde la ejecución de algún acto obstativo que tienda a pri-

var al dueño de la finca a que afecte de la facultad de edificar en la misma.   Véanse además de las sentencias del Tribunal Supremo de España que dejamos citadas, las del mismo tribunal de 10 de mayo de 1884, 55 Jurisprudencia Civil 188; 12 de noviembre de 1889, 66 Jurisprudencia Civil 412; 31 de mayo de 1890, 67 Jurisprudencia Civil 714; 8 de febrero de 1899, 86 Jurisprudencia Civil, 213; 27 de mayo de 1899, 87 Jurisprudencia Civil 303; 3 de marzo de 1905, 100 Jurisprudencia Civil 448, y 9 de febrero de 1907, 107 Jurisprudencia Civil 291; la de 29 de diciembre, 1911, de la Corte Suprema de las Islas Filipinas, 21 Jurisprudencia Filipina 135, y la dictada por esta Corte Suprema de Puerto Rico en el caso de *Díaz* v. *Guerra,* 18 D. P. R. 819.

Si la mera tolerancia no crea derecho alguno, no es de importancia la consideración del elemento tiempo.   En cualquier época puede la persona que ha venido voluntariamente tolerando, tomar otra actitud y demandar y obtener el pleno reconocimiento de sus derechos.

Debe revocarse la sentencia apelada y dictarse otra declarando con lugar la demanda y en su consecuencia condenando al demandado a tapiar dentro del décimo día las puertas y ventanas que existen en la pared de su casa contigua a la finca del demandante, que se describe en la demanda, sin perjuicio de que pueda continuar recibiendo luces en la forma y con la limitación prescritas en el artículo 588 del Código Civil Revisado, todo sin especial condenación de costas.

> *Revocada la sentencia apelada y dictada otra*
> *declarando con lugar la demanda, sin espe-*
> *cial condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison disintió.