JUAN VINCENTY RAMOS, demandante y apelante, *v.* JOSÉ DA-MIÁN, ERNESTO RUBÉN, CARLOS ANÍBAL E IVÁN EMILIO DO-MÍNGUEZ Y DEL MORAL, MENORES DE EDAD REPRESENTADOS POR SU PADRE CON PATRIA POTESTAD JOSÉ A. DOMÍNGUEZ, demandados y apelados.

No. 3682.—*Visto:* Diciembre 2, 1925. *Resuelto:* Febrero 26, 1926.

1. SERVIDUMBRES—CREACIÓN, EXISTENCIA Y TERMINACIÓN—ADQUISICIÓN POR PRES-CRIPCIÓN—DEL USO DE LA ALEGADA SERVIDUMBRE—USO POR MERA TOLERAN-CIA.—Cuando la actuación de una persona, o su antecesor, al abrir, en pared propia contigua a propiedad ajena, ventana con vistas rectas sobre la finca ajena es contraria a ley, en ausencia de actos obstativos de los que pueda arrancarse para alegar y sostener la prescripción, ésta no puede hacerse de-pender del transcurso de más de veinte años y en que sólo la mera tole-rancia constituye el fundamento del derecho a la alegada servidumbre.

2. SERVIDUMBRES—CREACIÓN, EXISTENCIA Y TERMINACIÓN—USO POR MERA TOLE-RANCIA—DERECHO DEL QUE HA VENIDO TOLERANDO.—Como la mera tolerancia no crea derecho alguno a favor de un propietario de pared contigua a finca ajena en que se han abierto ventanas con vistas rectas sobre dicha finca ajena, la persona que ha venido tolerando puede, en cualquier tiempo, ob-tener el pleno reconocimiento de sus derechos.

3. SERVIDUMBRES—CREACIÓN, EXISTENCIA Y TERMINACIÓN—LUCES Y VISTAS—VEN-TANAS EN PARED PROPIA CONTIGUA A FINCA AJENA—CASA FABRICADA CON ANTERIORIDAD A LA OTRA.—La circunstancia de que una casa se haya fabri-cado con anterioridad a otra y que las vistas de aquélla no den al interior de ésta, no son para tenerse en cuenta en la aplicación del artículo 589 del Código Civil.

SENTENCIA de *Angel Acosta,* J. (Mayagüez), declarando sin lugar la demanda sobre negatoria de servidumbre de luces y vistas, con costas. *Revocada.*

*José Sabater,* abogado del apelante; *Pascasio Fajardo Martínez,* abo-gado de los apelados.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Esta es una acción sobre negatoria de servidumbre de luces y vistas. En la demanda en síntesis se alega: que demandante y demandado son dueños respectivamente de dos fincas urbanas radicadas en la calle de Hostos, ciudad de Mayagüez, y separadas entre sí por un callejón, propiedad del demandante, que mide una anchura aproximada de dos pies; que por el lado oeste de la casa de los demandados y en la muralla de ese lado, dichos demandados tienen abier-

tas cuatro ventanas de grandes dimensiones con vistas rectas sobre la finca del demandante; y que en el registro de la propiedad no existe nota, inscripción ni mención de derecho alguno por el cual se haya constituído la finca del demandante en predio sirviente de la finca de los demandados, ni ha habido pacto o convenio alguno consintiendo dicha servidumbre, ni ha existido nunca acto obstativo por el cual se haya adquirido la misma.

Los demandados si bien aceptaron los hechos esenciales de la demanda con la excepción de que alegaron ser dueños de una tercera parte del callejón y negaron que no hayan existido actos obstativos que favorezcan su derecho, definieron, como tales actos, en la contrademanda que al mismo tiempo archivaron para que se declare que su derecho se basa en la prescripción por más de 20 años, en esta forma:

"Alegan los exponentes que ni en la hoja destinada a la inscripción de la finca de una y otra de las partes litigantes, existe inscrita la servidumbre a que viene obligada la casa del demandante para con la de los demandados, a virtud del derecho que los anteriores dueños que edificaron la casa de los contrademandantes tuvieron para hacer la edificación de dicha casa tal como está hoy edificada en lo que se refiere a la muralla colindante con la casa del hoy demandante y contrademandado y sus ventanas en litigio, cuyo derecho hasta aquí, fué por todos reconocido y respetado; y alegan los exponentes, que aun en el caso de que en el día de hoy el demandante señor Vincenty y Ramos pudiera tener algún derecho para exigir que las cosas fueran variadas en la casa de los demandados, ese derecho lo habría perdido totalmente el señor Vincenty por virtud de la prescripción de tal derecho que nunca fué alegado durante todo el tiempo que le ha concedido la ley."

La corte inferior, entre otras conclusiones, sosteniendo la sentencia que dictó declarando sin lugar la demanda, sienta las siguientes:

" *   *   * ; y ha sido un hecho probado, que durante este lapso de tiempo de más de 20 años, los demandados no han sido molestados o en forma alguna requeridos, para que procedieran a tapiar las ventanas cuyo cierre o tapiado se solicita en la actualidad. Ni los

antiguos dueños de la casa que es hoy pertenencia del demandante,
ni el demandante mismo, al tiempo de comprarla, ni cuando la casa
de los demandados fué reedificada por causa de los terremotos, ni en
momento alguno, ni antes ni después de ahora, han hecho petición,
o indicación alguna contra la existencia de las ventanas que existen
en la casa de los demandados y que ha sido causa de esta controver-
sia o reclamación, y si esto es así, y si el espacio de tiempo transcu-
rrido es de más de veinte años, lógico es concluir que la casa de los
demandados ha adquirido por prescripción, dada la acción personal
ejercitada, la servidumbre de luces y vistas sobre la finca o casa del
demandante, pues la prescripción es un motivo de extinción y cadu-
cidad de làs acciones cuando no se han ejercitado dentro del tiempo
que para este efecto les está respectivamente señalado.  (S. 10 de
Abril de 1872, Tribunal Supremo de España.)''

Como se puede notar del razonamiento de la corte infe-
rior, la prescripción se hace depender del transcurso·de más
de 20 años en que la mera tolerancia del demandante y sus
anteriores dueños constituye el único motivo para que los
demandados se crean con derecho a mantener abiertas sus
ventanas en la pared de su finca con vistas rectas a la finca del
demandante y para nada se alude a la existencia de actos obs-
tativos de los que pudieran arrancar los demandados para
alegar y sostener la prescripción.  Y es que la prueba nada
indica en tal sentido y el caso por consiguiente cae bajo la
autoridad del caso de *García* v. *García,* 25 D.P.R. 128.  Des-
pués de llegarse a la conclusión en dicho caso que no era
una calle pública sino un callejón lo que separaba las dos
casas, las circunstancias de este pleito son bien análogas.
Y esta Corte Suprema después de un estudio cuidadoso de
los hechos, de la ley actual, así como del derecho antiguo
aplicable, dijo lo siguiente:

''Hemos citado dos sentencias anteriores al Código Civil, para
demostrar que los principios que regían esta materia eran esencial-
mente los mismos que informan dicho código.  Y si bien es cierto
que fué el Código Civil el que fijó la distancia de dos metros para
las vistas rectas, también lo es que jamás existió derecho alguno a
tener dichas vistas por medio de puertas o ventanas abiertas en pa-
red propia contigua a finca ajena.  Y ese es el caso del demandado.

Ni por la legislación antigua, ni por el Código Civil, pudieron el demandado, o su antecesor, abrir como lo hicieron en la pared de que se trata las puertas y ventanas que en la misma existen. Su actuación fué contraria a la ley y no puede el demandado invocar el transcurso de los años para la adquisición de su alegado derecho a continuar teniendo abiertas las repetidas puertas y ventanas contra la voluntad del propietario del solar contiguo, a menos que hubiera demostrado la existencia del 'acto obstativo' a que se refiere la jurisprudencia y a partir de él el transcurso del tiempo necesario para prescribir.'' (p. 138.)

La opinión termina diciendo: ''Si la mera tolerancia no crea derecho alguno, no es de importancia la consideración del elemento tiempo.· En cualquier época puede la persona que ha venido voluntariamente tolerando, tomar otra actitud y demandar y obtener el pleno reconocimiento de sus derechos.''

Los apelados alegan, sin embargo, que el caso de García, *supra,* es aplicable solamente a casas que tienen pared medianera y que es cuando tiene una significación correcta el vocablo ''contigüidad.'' Sin citas de autoridades ni jurisprudencia que estableciera la distinción, la argumentación de los apelados resulta bastante confusa para producir una convicción.

Parece conveniente aclarar, sin embargo, la contención del apelante en ese punto diciendo, que aunque dos casas las divida un callejón o una porción de terreno, una y otra son contiguas al límite de la línea divisoria que las separa y de ese límite es que se debe partir para determinar la distancia a que se refiere el artículo 589 del Código Civil.

Las circunstancias, por otro lado, de que la casa de los demandados se haya fabricado con anterioridad a la del demandante, lo que no aparece probado, y que las vistas no den al interior de la casa del demandante, no son para tenerse en cuenta en la aplicación de dicho artículo 589, pues la distancia se ha de fijar al construirse las vistas. Véase el caso de *Vallecillo* v. *Vidal,* 33 D.P.R. 337.

Asumiendo lo más favorable a los apelados de que ellos

sean dueños de una tercera parte del callejón, la muralla oeste en donde estaban construídas las cuatro ventanas con vistas rectas sólo distaría ocho pulgadas del límite de la finca urbana del demandante.

*Por todo lo expuesto, la sentencia apelada debe revocarse y dictarse otra declarando con lugar la demanda.*