Margarita Ramos Mimoso et al., demandantes y apelados, *v.* Francisco Viejo, demandado y apelante.

Núm. 9294—*Sometido:* Abril 12, 1946. *Resuelto:* Noviembre 12, 1946.

*Félix Ochoteco, Jr. y Luis E. Dubón,* abogados del apelante; *Heriberto Torres Solá,* abogado de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Los demandantes y el demandado son dueños respectivamente de dos casas contiguas en la calle Dr. Barbosa, de Bayamón. La del demandado, en su pared adyacente a la casa de los demandantes, tiene una ventana y un balcón con vistas rectas sobre la de los demandantes, sin que medie la distancia de dos metros que fija el artículo 518 del Código Civil. Para obligar al demandado a tapiar la ventana y balcón antes mencionados, los demandantes instituyeron esta

acción sobre negatoria de servidumbre. La defensa del demandado consistió en la existencia de una servidumbre de luces y vistas a favor de su casa, sobre la de los demandantes, obtenida por prescripción. Por los méritos de la prueba, la corte inferior declaró con lugar la demanda, y para revisar la sentencia el demandado instituyó este recurso de apelación.

 Siendo la servidumbre de luces y vistas negativa, continua y aparente, en la cual la prescripción empieza a correr desde que tiene lugar un acto formal u obstativo,[1] la cuestión a resolver es si en el presente caso existió el acto obstativo y en caso de haber existido, si desde que éste tuvo lugar hasta la fecha de la radicación de la demanda, habían transcurrido los veinte años que para adquirir servidumbres por prescripción exige el artículo 473 del Código Civil. *Díaz* v. *Pérez,* 56 D.P.R. 727.

Como toda propiedad se presume libre de cargas, una vez que el demandante en una acción negatoria de servidumbre establece su título sobre la propiedad que alega estar libre de ese gravamen, incumbe al demandado probar la existencia de la servidumbre. *Díaz* v. *Guerra,* 18 D.P.R. 819, 827; *Rosado* v. *Municipio,* 59 D.P.R. 740, 747. La prueba del demandado sobre ese particular tendió a demostrar que desde hace más de treinta años su casa, además de la ventana y del balcón que motivan este pleito, tenía otra ventana en la pared contigua a la propiedad de los demandantes; que hace más de treinta años un anterior dueño de la casa del demandante intentó edificar un aljibe en su propiedad, situado en tal forma que obstruía la ventana en cuestión; que los an-

---

[1] El artículo 474 del Código Civil prescribe como sigue:

"Para adquirir por prescripción las servidumbres a que se refiere el artículo anterior, el tiempo de la posesión se contará: en las positivas, desde el día en que el dueño del predio dominante, o el que haya aprovechado la servidumbre, hubiere empezado a ejercerla sobre el predio sirviente; y en las negativas, desde el día en que el dueño del predio dominante hubiere prohibido por un acto formal al del predio sirviente la ejecución del hecho que sería lícito sin la servidumbre."

teriores dueños de la casa del demandado se opusieron a la construcción del aljibe, pero habiendo convenido el entonces dueño de la propiedad de los ahora demandantes a no levantar ninguna otra edificación que obstruyera la ventana restante y el balcón, se accedió a la construcción del aljibe, quedando como consecuencia de dicha obra, cerrada permanentemente la ventana porque la pared del aljibe impedía abrirla.(²)

El demandante estableció su título sobre su casa, y su prueba tendió a negar la existencia de la supuesta ventana incomunicada y a probar que solamente había existido la ventana y el balcón que actualmente existen en la casa del demandado.

A petición de los demandantes el Juez de la corte inferior celebró una inspección ocular con asistencia de las partes representadas por sus respectivos abogados, y en el acta de la inspección, entre otras cosas, expresó:

---

(²) Tomamos de la declaración de Pascual Juan Ramos, testigo principal del demandado:

"Cuando esa otra casa [la de los demandantes] se construyó, se podían abrir las ventanas al principio, pero después se incomunicó una ventana de la casa que queda atrás, con una caja de agua que ellos [los demandantes] hicieron allí.

\* \* \* \* \* \* \*

"P. Al decir usted que una de las ventanas se incomunicó, ¿qué quiere decir?

"R. Que ella (la ventana) no se podía abrir."

Y de la declaración del demandado tomamos lo siguiente:

"P. Cuando usted compró esa casa y la vió por primera vez, ¿cuántas ventanas tenía abiertas la parte esa que da a la finca de la sucesión de Ramos Mimoso?

"R. Una.

"P. ¿Y por la parte adentro, cuántas ventanas tiene la casa esa?

"R. Por el mismo sitio ese, por la parte esa, una ventana tiene abierta.

"P. ¿Y en la otra habitación no tiene más ninguna?

"R. Abierta no. Hay una ventana tapiada, que yo le puse un closet para meter ropa y motivo a ese closet no se ve la ventana esa: está dentro la ventana, cerrada, condenada.

"P. ¿Y cuando usted compró esa casa que la vió por primera vez vió una ventana abierta, y esa otra cerrada, por la parte atrás?

"R. Sí, señor, ésa que estaba condenada por medio de una pared que da a la ventana."

"Hace constar el Juez que suscribe que dentro de la casa del demandado visitamos una habitación que tiene un *closet* y no tiene ventana alguna que dé hacia la propiedad de los demandantes: que no se ve ninguna ventana que dé hacia la propiedad de los demandantes.

"La edificación de la finca de los demandantes está pegada contra la pared de la habitación donde aparece el *closet* del cual se habla en el párrafo anterior."

Como hemos visto, la evidencia en lo que al alegado acto obstativo respecta fué claramente contradictoria, y considerada la declaración de Pascual Juan Ramos y la del propio demandado al efecto de que todavía existía la ventana en su casa, aunque "incomunicada", al revelar la inspección ocular que no existía tal ventana, ese hecho probablemente debió ser decisivo al dirimir el conflicto de la prueba a favor de los demandantes. No habiendo existido el acto obstativo como declaró probado la corte, no pudo el demandado obtener la servidumbre por prescripción. Artículo 474 del Código Civil, *Díaz* v. *Guerra,* supra.

■■■ Se queja el apelante de que la corte inferior le denegó una moción en la que solicitaba la reconsideración de la sentencia y permiso para radicar una contestación enmendada en la cual por primera vez establecía la defensa de prescripción. Fundaba esta defensa el demandado en que pudiendo los demandantes o sus causantes haber radicado la acción negatoria de servidumbre desde que por primera vez se abrieron la ventana y el balcón, dejaron transcurrir más de treinta años desde esa fecha hasta que se radicó la demanda original en el presente caso.(³) Esa moción fué radicada el 20 de septiembre de 1945, precisamente el mismo día en que se dictó la sentencia. La corte no expuso los fundamentos que tuvo para denegar la reconsideración, pero en

---

(³) Artículo 1863 del Código Civil: "Las acciones reales sobre bienes inmuebles prescriben a los treinta años.

　　　*　　　　*　　　　*　　　　*　　　　*　　　　*　　　　*

Artículo 1869: El tiempo para la prescripción de toda clase de acciones, cuando no haya disposición especial que otra cosa determine, se contará desde el día en que pudieron ejercitarse."

lo que a la contestación enmendada concierne, de su resolución(⁴) se infiere que la denegó por entender que había sido tardíamente radicada.

La Regla 8(c) de Enjuiciamiento Civil prescribe que al alegar contra una alegación precedente, la parte expresará afirmativamente, entre otras defensas que menciona, la de prescripción. Y la Regla 12(h) dispone que todas las defensas y objeciones se entenderán renunciadas a menos que se levanten mediante moción, o si no se ha presentado moción, se aleguen en la contestación o réplica. En el presente caso, se hubiera entendido renunciada la defensa de prescripción, de acuerdo con la Regla 12(h), a no ser porque los propios demandantes y el demandado presentaron evidencia sin objeción alguna tendiente a probar que al radicarse la demanda original hacía más de treinta años que existían la ventana y el balcón en la casa del demandado. Si por el mero

---

(⁴)La resolución de 1 de octubre de 1945, denegatoria de la moción, dice así:

"En 26 de diciembre de 1944 los demandantes radicaron su demanda enmendada y después de varios trámites la Corte concedió con fecha 28 de marzo de 1945, diez días al demandado para radicar su contestación.

"En abril 6 de 1945 el demandado radicó una moción de prórroga solicitando término adicional para contestar. Esta moción fué declarada con lugar. En abril de 1945 volvió el demandado a solicitar que se le concedieran diez días adicionales para contestar la demanda y la Corte accedió a ello. En abril 27 de 1945 solicitó otra prórroga para contestar, a lo que accedió la Corte. En mayo 8 de 1945 vuelve el demandado a solicitar diez díez más para contestar y la Corte accedió a su petición. Y en mayo 17 de 1945 solicitó otra vez el demandado una prórroga de diez días para radicar su contestación y la Corte accedió a su solicitud. Por fin, en junio 6 de 1945, el demandado radicó la contestación a la demanda.

"Este caso fué señalado para ser visto a base de la demanda enmendada y de la contestación que obraba en autos para el día 5 de septiembre de 1945. En dicho día se vió la prueba tanto del demandante como del demandado. La Corte concedió a las partes hasta el día 17 de septiembre de 1945 para radicar alegatos. No lo hicieron así las partes y entonces la Corte dictó sentencia en septiembre 20 de 1945 declarando con lugar la demanda.

"En septiembre 24 de 1945 el demandado radicó una moción solicitando permiso para presentar una contestación enmendada y otra moción para que la sentencia fuera reconsiderada.

"En el día de hoy se discutieron ambas mociones y la Corte, estudiadas las cuestiones envueltas, cree que debe declarar, y al efecto, declara sin lugar ambas mociones que radicara el demandado."

transcurso de treinta años desde que se abrieron la ventana y el balcón sin haber existido acto obstativo, como declaró probado la corte, hubiese prescrito la acción de los demandantes, el demandado, de conformidad con la Regla 15(*b*), hubiera tenido derecho, aún después de dictada sentencia, a que se le permitiese radicar su contestación enmendada para conformar las alegaciones a la evidencia.(5) Aún sin moción alguna del demandado, dentro de las circunstancias de este caso, hubiera podido la corte *motu proprio* dar por enmendada la contestación y dictar la sentencia correspondiente. *Tillman* v. *National City Bank of New York,* 118 F.2d 631; *American Casualty Co. of Reading, Pa.* v. *Morris,* 51 Fed. Supp. 889, 896; Moore *Federal Practice,* V. 1, pág. 567 *et seq.* Pero en esta jurisdicción se ha resuelto repetidamente,(6) siguiendo la jurisprudencia de España, que la acción negatoria de servidumbre puede interponerse en cualquier tiempo dentro de los veinte años siguientes al acto obstativo y que mientras no exista ese acto, el demandante puede establecer su acción, no importa cual fuere el tiempo transcurrido desde que por su tolerancia el demandado hubiese abierto los huecos o ventanas en la pared de su casa. Siendo

---

(5)La Regla 15(*b*) prescribe como sigue:

''Cuando con el consentimiento expreso o implícito de las partes o por orden de la corte se someten a juicio cuestiones litigiosas no suscitadas en las alegaciones, tales cuestiones se considerarán a todos los efectos como si se hubiesen suscitado en las alegaciones. La enmienda de las alegaciones que fuere necesaria para conformarlas a la evidencia y para suscitar dichas cuestiones, puede hacerse a moción de cualquiera de las partes en cualquier tiempo, aun después de dictarse sentencia; pero la omisión de enmendar no afectará el resultado del juicio en relación con tales cuestiones. Si se objetare a la evidencia en el juicio por el fundamento de no estar comprendida en las cuestiones litigiosas suscitadas en las alegaciones, la corte permitirá las enmiendas y lo hará liberalmente siempre que con ello se facilite la presentación del caso en sus méritos y la parte que se oponga no demuestre a satisfacción de la corte que la admisión de tal evidencia le perjudicaría en el mantenimiento de su acción o defensa en los méritos. La corte puede conceder una suspensión para permitir a la parte objetante controvertir dicha evidencia.''

(6) *García* v. *García,* 25 D.P.R. 128; *Vincenty* v. *Domínguez,* 35 D.P.R. 108.

ésta una regla de propiedad establecida en esta jurisdicción hace cerca de treinta años, no debemos repudiarla.

No pudiendo el demandado alegar con éxito la prescripción en el presente caso, y apareciendo que el resultado de la sentencia es correcto, no erró la corte al desestimar la moción solicitando reconsideración de la sentencia y permiso para enmendar la contestación.

El apelante también señala como error el habérsele impuesto las costas, incluyendo la suma de $150 por concepto de honorarios de abogado.

En lo que a la condena de costas respecta, bastará decir que es mandatario imponerlas a la parte contra la cual se dicte sentencia. Y en lo que concierne al pronunciamiento sobre honorarios de abogado, no creemos que abusó la corte inferior al imponerlos, tomando en consideración la temeridad del demandado, según resulta de la prueba.

Otros errores han sido imputados a la corte inferior, pero como éstos van dirigidos a impugnar la corrección de ciertos principios de derecho enunciados por el Juez en la relación del caso y opinión, y como el recurso de apelación se da contra la sentencia y no contra sus fundamentos, es innecesario considerar dichos errores ya que hemos llegado a la conclusión de que el resultado de la sentencia es correcto.

*Procede confirmarla.*